In the Matter of LEONARD M. KARMEL (Admitted to Practice as LEONARD MURRAY KARMEL), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, April 9, 1979

## APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr. (Gary L. Casella* of counsel), for petitioner.

*McCarvey & Steele (Spencer Steele* of counsel), for respondent.

## OPINION OF THE COURT

*Per Curiam.*

The respondent was admitted to practice by this court on

December 19, 1956 under the name of Leonard Murray Karmel.

Pursuant to a motion by the petitioner, an order was entered by this court on December 28, 1978 suspending respondent from the practice of law pending determination of the charges of professional misconduct alleged against him.

On February 6, 1979, respondent entered pleas of guilty to three class D felonies, namely, one count of forgery in the second degree and two counts of grand larceny in the second degree.

An attorney, shall, upon conviction of a felony, cease to be an attorney and counselor at law (Judiciary Law, § 90, subd 4).

Respondent tendered his resignation dated December 11, 1978. Said resignation was not received by petitioner until February 8, 1979, two days after the pleas of guilty were entered by the respondent. Assuming, however, that the resignation had been timely tendered, this court would nevertheless have not accepted said resignation in view of the then pending indictment.

The original petition in this matter charged, *inter alia,* that more than $200,000 belonging to the respondent's clients, was either converted by him or unaccounted for. In the respondent's answer to the petition he admitted the substantial conversion of his clients' funds. This led to his suspension from the practice of law pending the outcome of the disciplinary hearing.

Upon respondent's subsequent conviction (see CPL 1.20, subd 13) of three class D felonies, on his pleas of guilty, he ceases to be an attorney and counselor at law in this State.

Accordingly, petitioner's motion is granted. The clerk of this court is directed to strike respondent's name from the roll of attorneys and counselors at law forthwith. Respondent's cross motion is denied and respondent's resignation is not accepted.

MOLLEN, P. J., HOPKINS, DAMIANI, TITONE and O'CONNOR, JJ., concur.